Cuma, pet'
Colcock, J.
The Court are unanimously of opinion that the decree of the Chancellor be affirmed but they put the case distinctly on the ground, that parties referred all their accounts and disputes to bitrators of their own choosing, who fully investigated them, and made an award, which was approved of the testatrix in the strongest terms, and acquiesced during her life. The claim of the complainant is res judicata, and therefore cannot now be investigated. It is admitted to be of great interest to the community that the laws regulating contracts should be enforced; but majus interest reipublicce ut sit finis litium. The determination of these domestic tribunals ought always to be regarded as conclusive on the rights of the parties, unless there be partiality or fraud, or such injustice as would authorize the presumption of some degree of misconception, or some palpable mistake in the law, or then-calculations. Now when we consider who were the arbitrators in this case, we are authorized to say, that more able tribunal could not well have been found. The one a gentleman of the bar, preeminent for his learning, his ability and his zeal; the other equally distinguished for his knowledge in mercantile affairs : and both of unquestionable integrity. Who better understood the law of arbitrations than Mr Parker ? He well knew that when a reference is made to such a tribunal, the parties do not intend, they do not wish nor expect, that their differences are to be adjudicated with technical nicety, or according to any prescribed form. And upon a reference to decided cases this will be found to be the correct view of the subject. In Tittenson v. Peat, 3 Atk. 529, the defendant pleaded an award : and the Lord Chancellor said the only ground for impeaching *416 an award is collusion or gross misbehaviour in arbitrators; for, otherwise, being made by the judges of the parties own choosing, it is final and binding on all the par|;jes. ■- ^n<\ speaking of the account between the parties he says, the award is conclusive as to the account; unless an error can be shewn in taking the account, — meaning in some part of their calculation. So in the case of Morgan v. Mather, 2 Ves. Jun. 21, where compound interest was allowed, as this depended upon view which the arbitrators took of the evidence, jt was jjgjd that the award could not be set aside. And Lord Rosslyn says, “I have no authority to review the proceedings of the arbitrators. All the matters before them were within the compass of their \ submission. You have not stated corruption, misbeha-vjour or excess 0f power, which are the only three grounds I know for setting aside awards.” In the case before us the conclusion of law depended on the view taken of the evidence. We cannot then say that the award is against the law ; and it is not pretended that it is against the facts of the case. I conclude with a reference to later authorities, which will be found to support the same views of the subject. In Herrick v. Blair, 1 Johns. Cha. Rep. 101, Chancellor Kent observes, “to interfere and set aside an award upon a slight and immaterial irregularity would be contrary to the general doctrine of the Court in this respect. The uniform language of the law is that an award cannot be impeached but for corruption, partiality, or gross misbehaviour in the arbitrators, or for some palpable mistake of the law or fact. The arbitrators are judges of the parties’ own choosing. Their proceedings and award are treated with great liberality ; and even a mistake on a doubtful point of law will not open an award.” And he refers to a number of authorities in support of his opinion ; to which I will only *417 add those of our own Courts, 3 Desaus. Rep. 305, and 2 Bay, 370. 450. The motion is dismissed.
The determi-bUratois°f should always ed m partiahty or fraud, or such injustice misconcépk tion or mistake in Jaw or calculations are inferable.

*417
Decree affirmed.